UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 11-10726 CAS (JCx) | Date | February 27, 2012 |
|---|---|---|---|
| Title | VALLEY POWER SYS., INC. v. GEN. ELEC. CO. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Craig Hentschel<br>Vivian Kim | Peter Mason<br>Robert Ray |

**Proceedings:** **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER 12(b)(1), 12(b)(3) & 12(b)(6)** (filed 01/19/12)

## I.  INTRODUCTION

On December 28, 2011, plaintiff Valley Power Systems, Inc. ("VPS") filed a complaint in this Court against General Electric Company ("GE") alleging violations of the California Equipment Dealers Act ("CEDA"), Cal. Bus. & Prof. Code § 22900 et seq. Specifically, VPS alleges that GE wrongfully terminated a Distribution, Service and Commission Agreement (the "Distribution Agreement") that VPS entered into with GE's predecessor in interest, Dresser Inc. ("Dresser"). Compl. ¶¶ 1–2.

On January 19, 2012, GE filed the instant motion to dismiss or alternatively to stay the action based on VPS' assent to arbitrate any disputes "arising under" or "in relation to" the Distribution Agreement. Dkt. No. 7. VPS filed its opposition on February 6, 2012. Dkt. No. 11. On February 10, 2012, GE filed its reply. Dkt. No. 12. A hearing was held on February 27, 2012. After considering the parties' arguments, the Court finds and concludes as follows.

## II.  BACKGROUND

VPS entered into the Distribution Agreement on December 15, 2006, with Waukesha Engine ("Waukesha"), then owned by Dresser. Compl. ¶ 10. The Distribution Agreement, which was to last for a term of three years, made VPS an authorized distributor of Waukesha products and required VPS to maintain service facilities and an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 11-10726 CAS (JCx) | Date | February 27, 2012 |
|---|---|---|---|
| Title | VALLEY POWER SYS., INC. v. GEN. ELEC. CO. | | |

inventory of replacement parts, to employ a sufficient number of competent service personnel, and to refrain from selling competing products. Id. It also provided that the "Agreement may be terminated . . . by either party upon giving the other party not less than ninety-three (93) days written notice of termination . . . ." Mason Decl., Ex. A, Art XII(A)(1). The Distribution Agreement contained an arbitration clause, which provides, in relevant part:

> Any controversy arising under or in relation to this agreement shall be settled by arbitration, before a panel of three arbitrators in Dallas, Texas in accordance with the International Arbitration Rules then in force of the American Arbitration Association.

Id. at Art. XIV(I).

On July 20, 2010, after the expiration of the Distribution Agreement's three-year term, Dresser notified VPS that instead of entering into a new agreement, the parties would continue to operate according to the terms of the existing Distribution Agreement. Compl. ¶ 13. In February 2011, GE purchased Dresser, assuming control of Waukesha's distribution system and becoming Dresser's successor-in-interest under the Distribution Agreement. Id. ¶ 14. On August 12, 2011, GE delivered to VPS a written Notice of Termination of the Distribution Agreement ("Notice of Termination"), terminating the Distribution Agreement as of November 12, 2012. Id. ¶ 15. VPS alleges that this termination violated CEDA for numerous reasons including that it did not identify good cause and did not give VPS a chance to cure any claimed cause for termination. Id. ¶¶ 24–26.

## II.     LEGAL STANDARD

### A.     Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) raises the question of the federal court's subject matter jurisdiction over the action. The objection presented by this motion is that the court has no authority to hear and decide the case. This defect may exist despite the formal sufficiency of the allegations in the complaint. See T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D. N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964) (the formal allegations must yield to the substance of the claim when a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     JS-6

| Case No. | CV 11-10726 CAS (JCx) | Date | February 27, 2012 |
|---|---|---|---|
| Title | VALLEY POWER SYS., INC. v. GEN. ELEC. CO. | | |

motion is filed to dismiss the complaint for lack of subject matter jurisdiction). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

The burden of proof in a Rule 12(b)(1) motion is on the party asserting jurisdiction. See Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000). If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2004). On the other hand, if jurisdiction is based on diversity of citizenship, the pleader must show real and complete diversity, and also that his asserted claim exceeds the requisite jurisdictional amount of $75,000. See id.

      **B.**      **Federal Rule of Civil Procedure 12(b)(3)**

Pursuant to Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss a complaint for improper venue. Generally, courts look to the venue provisions set forth in 28 U.S.C. § 1391 to determine whether venue is proper. However, a defendant may move to dismiss pursuant to Rule 12(b)(3) based on a forum selection clause, even if venue would otherwise be proper under 28 U.S.C. § 1391. Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996). When considering a motion to dismiss under Rule 12(b)(3), a court need not accept the pleadings as true and may consider facts outside of the pleadings. Id. Once the defendant has challenged a given court's jurisdiction for improper venue, the plaintiff bears the burden of showing that venue is proper. Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979). If the court determines that venue is improper, the court must dismiss the action or, if it is in the interests of justice, transfer the action to a district or division in which the action could have been brought. 28 U.S.C. § 1406(a). Whether to dismiss for improper venue or transfer venue to a proper court is within the sound discretion of the district court. See King v. Russell, 963 F.2d 1301, 1304 (9th Cir. 1992).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 11-10726 CAS (JCx) | Date | February 27, 2012 |
|---|---|---|---|
| Title | VALLEY POWER SYS., INC. v. GEN. ELEC. CO. | | |

C.   **Federal Rule of Civil Procedure 12(b)(6)**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | **JS-6** |
|---|---|---|---|
| Case No. | CV 11-10726 CAS (JCx) | Date | February 27, 2012 |
| Title | VALLEY POWER SYS., INC. v. GEN. ELEC. CO. | | |

complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### D. The Federal Arbitration Act

The Federal Arbitration Act ("FAA") provides that "a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA reflects a "liberal federal policy favoring arbitrations agreements." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 25 (1991) (quoting Moses H. Cone Mem. Hosp. v. Mecury Constr. Corp., 460 U.S. 1, 24 (1983)).

The "first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate the dispute." Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 (1985). The court must determine (1) whether there exists a valid agreement to arbitrate; and (2) if there is a valid agreement, whether the dispute falls within its terms. Chiron Corp. v. Ortho Diagnostic Sys., 207 F.3d 1126, 1130 (9th Cir. 2000). When determining whether a valid and enforceable contract to arbitrate has been established for the purposes of the FAA, federal courts should apply "ordinary state-law principles that govern the formation of contracts to decide whether the parties agreed to arbitrate a certain matter." First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995); Circuit City Stores v. Adams, 279 F.3d 889, 892 (2002). "[A]greements to arbitrate [may] be invalidated by generally applicable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 11-10726 CAS (JCx) | Date | February 27, 2012 |
|---|---|---|---|
| Title | VALLEY POWER SYS., INC. v. GEN. ELEC. CO. | | |

contract defenses, such as fraud, duress, or unconscionability, but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." AT&T Mobility LLC v. Concepcion, 131 S. Ct. 1740, 1746 (2011). "Parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." Rent-A-Center, W., Inc. v. Jackson, 130 S.Ct. 2772, 2779–80 (2010). However, "the question of arbitrability, is an issue for judicial determination unless the parties clearly and unmistakably provide otherwise.'' Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83 (2002) (internal citations and quotations omitted).

## III. DISCUSSION

### A. Whether the Arbitration Agreement is Valid and Enforceable

GE argues that the parties' agreement to resolve any dispute by way of arbitration in Dallas, Texas must be enforced. Mot. 3–10. GE contends that the arbitration provision is valid, and that it encompasses this dispute. Id. at 6–10.

VPS responds that CEDA applies to the Distribution Agreement and voids the arbitration agreement. Opp'n at 2–5. Further, VPS argues that the arbitration clause is procedurally and substantively unconscionable such that it is not valid. Opp'n at 7.

In reply, GE argues that because VPS agreed to the International Arbitration Rules then in force of the American Arbitration Association ("ICDR Rules"), the Agreement evidences an "unmistakable" intent to delegate the issue of arbitrability to the arbitrators. GE asserts that VPS cannot deny this fact because VPS does not argue that the delegation provision is itself unconscionable. Reply at 1, 2–4.

The Court finds that the parties "clearly and unmistakably" intended to delegate issues of arbitrability to the arbitrators. Howsam, 537 U.S. at 83. When an arbitration agreement demonstrates a clear intent to delegate arbitrability to the arbitrators, a court will decide arbitrability only if the party opposing arbitration successfully challenges the delegation provision itself. Rent-A-Center, 130 S.Ct. At 2779. In this case, the arbitration provision expressly states that the ICDR Rules would apply. Article XV of the ICDR Rules provides that "[t]he tribunal shall have the power to rule on its own jurisdiction, including any objections with respect to the existence, scope or validity of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** JS-6

| Case No. | CV 11-10726 CAS (JCx) | Date | February 27, 2012 |
|---|---|---|---|
| Title | VALLEY POWER SYS., INC. v. GEN. ELEC. CO. | | |

the arbitration agreement." Mason Decl., Ex. B, Art. XV. Accordingly, by selecting the ICDR Rules, the parties manifested their unmistakable intent that the arbitrators, rather than a court, would decide whether there is an enforceable agreement to arbitrate. See Rent-A-Center, 130 S.Ct. at 2779–80 (holding that arbitrator would decide whether arbitration agreement was unconscionable where the agreement delegated enforceability issues to the arbitrator); see also Qualcomm Inc. v. Nokia Corp., 466 F.3d 1366, 1373 (Fed. Cir. 2006) (by agreeing to arbitrate under AAA rules, parties evidenced their unmistakable intent to delegate the issue of determining arbitrability to an arbitrator); Clarium Capital Mgmt. LLC v. Choudhury, No C 08-5157SBA, 2009 U.S. Dist. LEXIS 14805, *13 (N.D. Cal. Feb. 11, 2009) (incorporation of AAA rules "is clear and unmistakable" "intent to delegate the issue of arbitrability to the arbitrator"). In Rent-A-Center, the Supreme Court explained that where a plaintiff broadly challenged the arbitration agreement but did not specifically object to its delegation provision, it was for the arbitrators to determine whether the arbitration agreement was valid. 130 S.Ct. at 2779–80. As in that case, here while VPS asserts that the arbitration provision is unconscionable, VPS does not specifically challenge the arbitration provision's express selection of the ICDR Rules, which delegates the determination of enforceability issues to the arbitrators. Accordingly, the Court finds that whether the arbitration provision is enforceable is a determination to be made by the arbitrators.

    **B.    Whether VPS' Claims are Subject to Arbitration**

The Court next considers whether the arbitration agreement encompasses the dispute in this case. As noted above, the arbitration provision provides:

> Any controversy *arising under* or *in relation to* this agreement shall be settled by arbitration, before a panel of three arbitrators in Dallas, Texas in accordance with the International Arbitration Rules then in force of the American Arbitration Association.

Mason Decl., Ex. A, Art XIV(I) (emphasis added). The Court rejects VPS' argument that its claims for violation of CEDA do not fall within the expansive purview of the arbitration provision. VPS' CEDA claims concern the allegedly improper termination of the Distribution Agreement and therefore necessarily "arise under" or "in relation to" the Agreement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 11-10726 CAS (JCx) | Date | February 27, 2012 |
|---|---|---|---|
| Title | VALLEY POWER SYS., INC. v. GEN. ELEC. CO. | | |

    **C.    The Appropriate Remedy**

    According to GE, because all the claims in the complaint are subject to arbitration, the proper remedy in this case is the dismissal of the action. Mot. at 11–12.

    VPS argues that were the Court to find the arbitration provision enforceable, the appropriate remedy is to stay the action pending arbitration. Opp'n at 9. Further, VPS contends that a dismissal would be improper because it has adequately pled venue, jurisdiction, and a claim for relief. Id. at 9–11. Finally, if the Court is inclined to order the parties to arbitrate, VPS requests that the Court compel arbitration in California rather than in Texas. Id.

    The Court declines to require arbitration in California because the FAA expressly requires courts to enforce arbitration agreements "according to their terms." CompuCredit Corp. v. Greenwood, 132 S. Ct. 665, 669 (2012). Here, VPS requests that the Court enforce the arbitration provision according to a term not provided in the agreement—specifically that the Court compel arbitration in California. Numerous courts have rejected similar requests. See, e.g., KKW Enters. V. Gloria Jean's Gourmet Coffees Franchising Corp., 184 F.3d 42, 50, 52 (1st Cir. 1999) ("The venue in which arbitration is to take place is a 'term' of the parties' arbitration agreements. . . . Courts may not rewrite the parties' agreements and compel arbitration of their dispute in a forum which is not one of those enumerated in an arbitration agreement's forum selection clause."); Randhawa v. Skylux, Inc., No. Civ. 2:0902304 WBS KJN, 2010 U.S. Dist. LEXIS 113131, at *4–5 (E.D. Cal. Oct. 15, 2010) ("The agreed upon forum is not severable from the agreement to arbitrate. Each is just as much a part of the agreement as the other. . . . [T]he court will not order arbitration in California, because that would be inconsistent with the very agreement the court was trying to enforce."). Accordingly, the Court declines to compel arbitration in California.

    Next, the Court finds that dismissal, rather than a stay, is the appropriate remedy in this case. The Ninth Circuit has held that where, as here, all the claims in the dispute are subject to arbitration, dismissal is the appropriate remedy. See, e.g., Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc., 368 F.3d 1053, 1060 (9th Cir. 2004) (holding that district court did not err "in dismissing the plaintiffs' claims that were subject to arbitration pursuant to Fed. R. Civ. P. 12(b)(6)"); Chappel v. Lab. Corp. of Am., 232 F.3d 719, 725 (9th Cir. 2000) (where "judicial review . . . is barred by the [contract's] valid

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 11-10726 CAS (JCx) | Date | February 27, 2012 |
|---|---|---|---|
| Title | VALLEY POWER SYS., INC. v. GEN. ELEC. CO. | | |

and enforceable arbitration clause[,] [t]he district court properly dismissed [plaintiff's] complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim"). Indeed, district courts in the Ninth Circuit routinely dismiss when all claims are subject to arbitration. See, e.g., Lewis v. UBS Fin. Servs., No. C 10-04867 SBA, 2011 U.S. Dist. LEXIS 116433, *19 (N.D. Cal. Sept. 30, 2011); KKE Architects, Inc. v. Diamond Ridge Dev. LLC, No. CV-07-06866 MMM, 2008 U.S. Dist. LEXIS 17127, *9–10, *13–18 (C.D. Cal. Mar. 3, 2008).

Finally, the Court rejects VPS' contention that GE has failed to sustain its burden under Rule 12(b)(1), (3), and (6). Substantial case law establishes that these are the correct rules under which to seek dismissal based on an arbitration provision. See, e.g., Thinket Ink, 368 F.3d at 1063 (affirming dismissal of plaintiffs' claims subject to arbitration provision pursuant to Rule 12(b)(6)); Chappel, 232 F.3d at 725 (same); Minn. Supply Co. v. Mitsubishi Caterpillar Forklift Am. Inc., No. 10-4311, 2011 U.S. Dist. LEXIS 113913, at *19 n.10 (D. Minn. Sept. 30, 2011) (dismissing pursuant to Fed. R. Civ. P. 12(b)(1), (3), and (6)).

## V. CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS GE's motion to dismiss plaintiff's complaint without prejudice.

IT IS SO ORDERED.

|  | 00 | : | 06 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |